## Third National Bank v. T. F. Weaver.

·1. DEMURRER—*What it Admits.*—A demurrer admits all the matters well pleaded in the pleading against which such demurrer is aimed. ·

2. EQUITIES—*As Between Judgment Creditors.*—It is equitable as between the parties, to a proceeding in chancery for the appointment of a receiver who have the right as judgment creditors to look to property in the hands of such receiver for satisfaction, that each should credit his judgment with any moneys received thereon.

Creditor's Bill. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded with directions. Opinion filed February 9, 1898.

LIVINGSTON & BACH, attorneys for appellants.

FIFER & BARRY, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

At the February term, 1893, of the McLean County Circuit Court, the appellee, T. F. Weaver, recovered two judgments by confession; the first for $2,575.60, against Peasley & Co., a copartnership composed of T. D. Peasley, A. W. Peasley and H. H. Peasley, and also against each of them as individuals; the second, for $1,549.40 against A. W. Peasley, T. D. Peasley, H. H. Peasley, and Hannah Peasley.

At the same term of said court the appellant also recovered a judgment by confession for $3,280.60, against the same parties last mentioned. Executions were issued at once, upon all three of said judgments, and levied by the sheriff of said McLean County, on property of said judgment debtors.

At the same term of said court, and immediately after the said judgments were rendered, the said A. W., H. H., and T. D. Peasley, filed in said court, on the chancery side thereof, their bill of complaint, making appellee and appellant parties thereto.

On March 22, 1893, being one of the days of said term of said Circuit Court, the appellee and appellant, who were defendants to said bill, appeared in said Circuit Court, and consented that the court enter a decree under said bill, which was done in substance as follows:

It is ordered that Samuel C. Dooley be, and he is hereby appointed receiver and business manager, to receive all the property of every nature and kind, outstanding debts and effects of said firm of Peasley & Company, as set forth in the bill in this cause; and the property heretofore levied on by the sheriff belonging to the complainant.

And that he have power to sell and dispose of the property, and to complete all contracts, and that he give bond in the penal sum of $15,000. That the rights of the judgment and execution creditors are to be paid out of the funds coming to the receiver's hands in the order in which they exist under the law.

On May 6, 1897, it being one of the days of the April term, 1897, of said Circuit Court, on motion of appellant, it was ordered by said Circuit Court that the said chancery case of A. W. Peasley et al. v. Third National Bank et al., in said court, be redocketed, and on the further motion of appellant it was given by the

court leave to file its petition in said chancery cause, which it did, in words and figures as follows:

"State of Illinois,  } ss.
"County of McLean.

"In the Circuit Court.   To the April term, 1897.
"A. W. Peasley et al.,              }  No. 6,264.
                v.                        }  Chancery.
"The Third National Bank et al. }

"And now comes the Third National Bank, by Livingston & Bach, its solicitors, by leave of this court first had and obtained, files this petition, and now asks that the proceeds of execution sales, the assets, and the property of C. D. Peasley, A. W. Peasley, H. H. Peasley and Hannah Peasley, be marshaled according to their priorities, and according to the right of the various creditors of the said parties, as determined by the judgments, executions, and decrees of this court. And also that T. F. Weaver, one of the judgment creditors against the aforesaid Peasleys, credit his judgment in this court with certain moneys that he has received and which should be applied and credited on the same. And that your petitioner shows to this court the following facts in connection herewith, that is to say, that one T. F. Weaver, who is a party defendant to this cause, did on March 18, 1893, at the February term of this court, recover a judgment against T. D. Peasley, A. W. Peasley, H. H. Peasley, and Hannah Peasley by confession for $1,549.40 and costs, which were $5.10. (And which judgment hereinafter for greater certainty, will be termed the "Weaver Judgment.") And that on the same day execution was issued, directed to the sheriff of this county, and that the said execution was returned on August 30, 1893, indorsed no property found.

"Your petitioner further shows that on the twentieth day of March, 1893, at the February term of this court,

this petitioner also recovered judgment against the said judgment debtors aforesaid, by confession for $3,280.62 and costs, which were $6.10, that execution was issued on the same day on this judgment to the sheriff of this county, and returned on August 30, 1893, no property found.

"Your petitioner further shows that the record of this court in the aforesaid cause of the Weaver judgment shows the following entries after August 30, 1893; September 1, 1893, execution issued; November 29, 1893, execution returned satisfied in full by sale of real estate; March 30, 1896, execution issued; April 24, 1896, execution returned by order of plaintiffs' attorneys; January 6, 1896, execution issued; April 2, 1897, execution returned, no property found; April 2, 1897, execution issued.

"Your petitioner further represents unto your honor that execution was issued on the judgment of your petitioner aforesaid, and a levy made upon the following described real estate, to wit: the east half (1-2) of the northwest quarter (1-4), and fifteen (15) acres off the west side of the northwest quarter (1-4) of the northwest quarter (1-4), and eleven (11) acres of the west side of the southwest quarter (1-4) of the northeast quarter (1-4). All in section twenty-nine, township twenty-two, north, range three east of the 3rd P. M. in McLean County, State of Illinois. Except a small tract assigned to Hannah Peasley as her homestead. And that on April 6, 1896, a sale was had under said execution, and that by virtue of said sale the said execution of your petitioner was credited with the sum of $792.20, on June 12, 1896.

"Your petitioner further represents that the aforesaid Weaver did redeem from the aforesaid execution sale of this petitioner, under his aforesaid execution issued on his aforesaid judgment on April 2, 1897, and

placed in the hands of the sheriff, for the purpose of redeeming the said property from the sale aforesaid on execution of your petitioner aforesaid and which realized at said sale the sum of $1,075.41. That afterwards on the twenty-ninth day of April, 1897, your petitioner caused an execution to issue on its aforesaid judgment, and placed the same in the hands of the sheriff of this county, with instructions that said execution should share in the sale then advertised under the Weaver execution, which had been issued on April 2, 1897.

"Your petitioner further represents that on the third day of May, 1897, the said property aforedescribed, belonging to the judgment debtors, was again sold by the said sheriff of this county, for the sum of $2,675; that the only execution in the hands of the sheriff of this county, at the time of the said sale, was the execution of said Weaver, and the execution of this petitioner as aforesaid.

"Your petitioner further represents that on, to wit: the second day of April, 1897, the said Weaver received from one J. Howard Leaton the sum of $1,075.41, and which sum of money should be credited on his judgment aforesaid; and in reference to the same, this petitioner sets forth the following facts: That on September 1, 1893, the said J. Howard Leaton was the clerk of this court, and that as such clerk he issued an execution on the aforesaid Weaver judgment on the said date, as he had been requested to, by the said Weaver; that under the said execution, the sheriff of this county made a levy upon certain property belonging to the judgment debtors; that after the sale was set aside because the said J. Howard Leaton, clerk of this court, had failed to affix the seal of this court, to the said execution writ; that thereupon the said T. F. Weaver threatened to bring suit against the said J.

Howard Leaton, clerk, for the said judgment debt that the said Weaver had against the said Peasleys and which the said Weaver maintained he had lost, by reason of the acts and conduct of said J. H. Leaton, and for damages caused by reason of his neglect to affix the seal of this court to his said execution; that afterward on, to wit, the second day of April, 1897, the said J. Howard Leaton, in order to avoid any and all further complications, and in order to avoid the said threatened lawsuit, did, by way of settlement with the said Weaver, pay to the said Weaver a large sum of money, to wit: The sum of $1,075.41, and that the said sum was taken by the said Weaver in complete settlement of his claim against the said J. Howard Leaton, for judgment indebtedness that he had against the said Peasleys, and also damages that he did sustain, or which he asserted he sustained, by reason of the neglect in the issuance of the execution as aforesaid by the aforesaid J. Howard Leaton, clerk.

"This petitioner further represents that the said Weaver has not credited the said sum of money he thus received on the said judgment, or execution, but has neglected and refused so to do.

"Your petitioner therefore prays that the said E. F. Weaver, A. W. Peasley, T. D. Peasley, H. H. Peasley, and Hannah Peasley be required to answer this petition, but not under oath, the answer under oath being hereby waived, and also prays that the said proceeds of the said execution sale be marshaled according to the rights and the equity of the said Weaver and of this petitioner, and your petitioner further prays that this court decree that the said sum of money received from the said J. Howard Leaton, be credited on the said Weaver judgment, and that the balance of the proceeds remaining in the hands of the sheriff, after the satisfaction of the said Weaver execution, shall be

paid to this petitioner, and credited on the execution in the hands of the said sheriff. And that this petitioner may have such other and further relief as this case may require or to equity may pertain.

"THIRD NATIONAL BANK,
"By LIVINGSTON & BACH,
"(Its Solicitors.)"

Which petition is sworn to.

T. F. Weaver, appellee, one of the defendants thereto, filed a demurrer to said petition, and the other defendants thereto answered as follows:

"Answers of A. W. Peasley, T. D. Peasley, and H. H. Peasley, to the petition of the Third National Bank, in which they admit that petitioner levied on lands described in said petition; that a sale was made, and that petitioner's execution was credited with $792.20. Also admit that T. F. Weaver issued an execution as alleged in the said petition, and placed in the hands of the sheriff $1,075.41, as redemption money from the execution sale of the petitioner, but these defendants deny that the said execution of said weaver was a valid execution. They admit that on the third day of May, 1897, the property described in the said petition was again sold by the sheriff for $2,675, and that the only execution in the hands of the sheriff at that time were the two executions in the said petition mentioned. And these defendants deny that the said sale of May 3, 1897, was a valid and binding sale; that they have been advised, and believe the fact to be that J. H. Leaton, on September 1, 1893, as clerk of this court, issued an execution on the said judgment of T. F. Weaver on that day; that certain property described in the said petition was sold under the execution, and that the same was afterward set aside at the instance of these parties, because the execution issued by the said Leaton was void, for want of the seal of this

court, which said Weaver maintains was caused through the negligence of said J. H. Leaton, etc., and that thereupon said Weaver did threaten to bring suit against said Leaton, and to avoid said threatened suit J. H. Leaton did pay to the said Weaver the sum of $1,075.41; and this sum of money was paid to said Weaver, because, as he alleged, he had been unable to make his debt, which he claimed these defendants owed him.''

These parties further answering admit that according to law and equity, the said T. F. Weaver should credit the said sum of $1,075.41, thus received from the said Leaton on the judgment against these parties, and admit that the said proceeds from the said sale, made by the sheriff on the third day of May, 1897, should be marshaled as prayed for in the said petition.

Upon hearing of said demurrer, the said Circuit Court made the following order:

''The court being fully advised in the premises doth consider said demurrer sustained, and said petitioner stands by its petition, and it is ordered by the court that the said petition be dismissed, to which the Third National Bank excepts.''

Appellant appeals to this court from said last named order, and insists that the Circuit Court erred in sustaining the demurrer and dismissing its petition.

The demurrer of appellee to the said petition of appellant admitted all the facts in the petition that were well pleaded, and we hold the demurrer admitted that appellee had received from one Leaton, clerk of said Circuit Court, $1,075.41, which should be applied on his said $1,549.40 judgment against the said Peasleys, and the damages stated in said petition.

And this being so, in view of the further fact that the receiver appointed in said chancery case, had

charge of certain property of the said Peasleys, in which all the holders of said judgments aforesaid had a right to look to for satisfaction of their said judgments, it became equitable as between the parties to said chancery proceedings that each should credit the execution issued upon any of said judgment, with any money received thereon.

Appellee contends in his brief filed in this court, that because the said petition avers that appellee received said $1,075.41 from said Leaton, to be applied on his said judgment, and for certain damages in said petition mentioned, that therefore the court below had a right to consider all of it was received for said damages.

But we do not think that that is a fair and equitable construction to place upon said petition.

We therefore reverse said order of the Circuit Court of McLean County, sustaining the demurrer to said petition, and dismissing said petition, and remand this proceeding to that court, with directions to overrule said demurrer.

Order reversed and proceeding remanded with directions.